JS 44 )

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Teamster Health & Welfare Trust Fund of Philadelphia and Vicinity and Maria Scheeler, in her capacity at Administrator

**(b)** County of Residence of First Listed Plaintiff   Camden, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen Richman/Richard DeFortuna
Markowitz and Richman
123 S. Broad Street, Suite 2020
Philadelphia, PA 19109
(215) 875-3100

## DEFENDANTS
Regional Produce Cooperative Corp., et al

County of Residence of First Listed Defendant   Phil;a., PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 29 U.S.C. §1132 and 1451
Brief description of cause: Contribution Delinquency

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE  01-23-2026
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 2500 McClellan Ave., Suite 140, Pennsauken, NJ 08109 _____

Address of Defendant: _____ 6700 Essington Avenue, Philadelphia, PA 19153 _____

Place of Accident, incident or transaction: _____ 6700 Essington Avenue, Philadelphia, PA 19153 _____

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of act or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No ☐

CIVIL: (PLACE ☒ in ONE CATEGORY ONLY)

A. *Federal Question Case:*
1. ☐ Indemnity Contract, Marine Contracts, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act - Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____ Richard DeFortuna _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

XX Relief other than monetary damage is sought.

DATE: 1-23-26    _____ Attorney-at-Law _____    86260 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: January 23, 2026    _____ Attorney-at-Law _____    Attorney I.D.#

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS HEALTH & WELFARE TRUST FUND OF PHILADELPHIA AND VICINTY, and<br><br>MARIA SCHEELER, in her capacity as Administrator of the Teamsters Health & Welfare Trust Fund of Philadelphia and Vicinity<br>2500 McClellan Avenue, Suite 140<br>Pennsauken, New Jersey 08109,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>REGIONAL PRODUCE COOPERATIVE CORP.<br>6700 Essington Avenue, Suite J-232<br>Philadelphia, Pennsylvania 19153,<br><br>G & G PRODUCE INC.<br>6700 Essington Avenue, Units F7-F8<br>Philadelphia, Pennsylvania 19153,<br><br>KALECK BROTHERS INC.<br>6700 Essington Avenue, Unit B-5<br>Philadelphia, Pennsylvania 19153,<br><br>M. LEVIN & COMPANY<br>6700 Essington Avenue, Units H2-H7<br>Philadelphia, Pennsylvania 19153,<br><br>PINTO BROS.<br>d/b/a PINTO BROTHERS<br>6700 Essington Avenue, Units G7-G9<br>Philadelphia, Pennsylvania 19153,<br><br>RYECO LLC<br>6700 Essington Avenue, Units H8-H9<br>Philadelphia, Pennsylvania 19153,<br><br>JOHN VENA INC.<br>6700 Essington Avenue, Units F1-F9<br>Philadelphia, Pennsylvania 19153, and<br><br>WICK & BROTHER, INC. | **CIVIL ACTION NO.** |

6700 Essington Avenue, Unit G-3    :
Philadelphia, Pennsylvania 19153,  :
                                   :
                  Defendants.      :

## COMPLAINT

Plaintiffs, Teamsters Health & Welfare Fund of Philadelphia and Vicinity ("Welfare Fund" or "Fund"), and Maria Scheeler, in her capacity as the Administrator of the Welfare Fund ("Scheeler" and, together with the Welfare Fund, "Plaintiffs"), by and through their attorneys, Markowitz and Richman, hereby file this Complaint, and with regard to the Defendants, Regional Produce Cooperative Corporation ("RPCC"), and its stockholder tenants, including G & G Produce Inc., Kaleck Brothers Inc., M. Levin & Company, Pinto Brothers, Ryeco LLC, John Vena Inc., and Wick & Brother, Inc. (together with RPCC, "Defendants"), allege:

## JURISDICTION AND VENUE

1. This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA"): (1) to recover employer contributions owed to Plaintiffs; (2) for liquidated damages and interest; (3) for cost and reasonable attorney's fees; (4) to compel Defendants' compliance with the terms of certain collective bargaining agreements and trust agreements; and (5) to collect unpaid fringe benefit contributions discovered to be due and owing as a result.

2. Insofar as the claims asserted are all brought pursuant to federal statutes or federal common law, this Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1); Section 301 of the LMRA, 29 U.S.C.

2

§185; and 28 U.S.C. §1331. To the extent that any claims are found to lie under state law, they are properly brought before this Court pursuant to its supplemental jurisdiction, as set forth in 28 U.S.C. §1367(a), as any such claims would be so related.

3. Venue is proper pursuant to section §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b), as the Welfare Fund is an "employee welfare benefit plan," "welfare plan," "employee benefit plan," "plan," and a "multiemployer benefit plan" within the meaning of sections 3(1), (3), and 37(A) of ERISA, 29 U.S.C. §§1002(1), (3), and 37(A), and the Defendants reside or may be found within this District at the addresses set forth in this Complaint.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail, in accordance with Section 502(h) of ERISA, 29 U.S.C. 1132(h).

## PARTIES

5. Plaintiff Teamsters Health & Welfare Fund of Philadelphia and Vicinity is an "employee welfare benefit plan," "welfare plan," "employee benefit plan," "plan," and a "multiemployer benefit plan" within the meaning of sections 3(1), (3), and 37(A) of ERISA, 29 U.S.C. §§1002(1), (3), and 37(A), also jointly administered by trustees representing various employers and local unions in the industry including, but not limited to, Local 929. The purpose of the Welfare Fund is to provide health and welfare benefits for employees employed by the participating employers pursuant to the terms and conditions of the collective bargaining agreement between the employers and the Union. Many of Defendants' employees are participants in, and beneficiaries of, the Welfare Fund. The Welfare Fund is established pursuant

to an Agreement and Declaration of Trust ("Trust"), in accordance with Section 302 of the LMRA, as amended, 29 U.S.C. §186, and is administered from, and maintains its principal place of business in, New Jersey at the address set forth in the caption of this Complaint. A true and correct copy of the Trust is attached hereto as Exhibit A.

6. Plaintiff, Maria Scheeler, is the Administrator of the Welfare Fund, and a fiduciary of the Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and as such brings this suit on behalf of the Fund.

7. Defendant, RPCC, is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Suite J-232, Philadelphia, Pennsylvania 19153.

8. Defendant, G & G Produce Inc., is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Units F7-F8, Philadelphia, Pennsylvania 19153.

9. Defendant, Kaleck Brothers Inc., is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Unit B-5, Philadelphia, Pennsylvania 19153.

10. Defendant, M. Levin & Company, is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Units H2-H7, Philadelphia, Pennsylvania 19153.

11. Defendant, Pinto Bros. d/b/a Pinto Brothers, is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Units G7-G9, Philadelphia, Pennsylvania 19153.

4

12. Defendant, Ryeco LLC, is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Units H8-H9, Philadelphia, Pennsylvania 19153.

13. Defendant, John Vena Inc., is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Units F1-F9, Philadelphia, Pennsylvania 19153.

14. Defendant, Wick & Brother, Inc., is an entity incorporated pursuant to the laws of the Commonwealth of Pennsylvania, and maintains offices located at 6700 Essington Avenue, Unit G-3, Philadelphia, Pennsylvania 19153.

## BACKGROUND

15. At all times relevant to this action, RPCC was and remains signatory to a collective bargaining agreement with Local 929 ("Labor Contract"), and is made up of contributing participating employers to the Fund that are bound by the terms of the Labor Contract. The Labor Contract sets forth the terms and conditions of employment for the employees employed by Defendants at the Philadelphia Regional Produce Market, including their obligation to file timely contribution reports and to make timely contribution payments to the Fund on behalf of the employees employed by Defendants who perform work covered by the Labor Contract. A true and correct copy of the Labor Contract is attached as Exhibit B.

16. Defendants also signed or agreed to abide by the terms of the Trust. *See* Exhibit A at Art. 4. Trusts are agreements made between certain employers and employee representatives in an industry or industries affecting commerce in order to promote stable and peaceful labor relations. *See* Exhibit A.

17. Pursuant to the Labor Contract and the Trust, Defendants agreed:

   (a) to make full and timely payment of contributions on a monthly basis to the Fund for each employee covered by the terms and conditions of the Labor Contract. *See* Exhibit A, at Art. 4; Exhibit B, at Sec. 20.

   (b) to file monthly remittance reports with the Fund identifying all employees and hours of work for which contributions were required under the Labor Contract. *See* Exhibit A, at Art. 4; Exhibit B, at Sec. 20(e), (h).

   (c) to produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of Defendants' records concerning their obligations to the Fund. *See* Exhibit A, at Art. 4; Exhibit B, at Sec. 20(i).

   (d) to pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of Defendants' failure to comply with their contractual and statutory obligations as described herein at subparagraphs (a), (b), and (c) above. *See* Exhibit A, at Art. 4; Exhibit B., at Sec. 20(g).

18. Defendants have failed and/or refused to remit all contributions due and owing to the Fund from at least on or around August 1, 2025, and to date.

19. Notwithstanding notice to Defendants, Defendants continue in their failure and/or refusal to remit the delinquent contribution amount due and owing to the Fund.

20. All conditions precedent to this lawsuit and the relief it seeks have been satisfied.

## COUNT ONE
## KNOWN CONTRIBUTION DELINQUENCY UNDER CONTRACT

21. Paragraphs 1 through 20 of this Complaint are hereby incorporated by reference as if fully restated herein.

22. Pursuant to the terms of the Trust and the Labor Contract, Defendants are obligated to file timely contributions reports and to make timely payments to the Fund for contributions on behalf of the employees employed by Defendants who have performed work within the scope defined by the terms of the Trust and the Labor Contract. *See* Exhibit A, at Art. 4; Exhibit B, at Sec. 20(h).

23. In addition, the terms of the Trust and the Labor Contract obligate Defendants to pay liquidated damages and interest in the event of untimely payments to the Fund, as well as all costs and reasonable attorneys' fees incurred in connection with the event of said untimely payments and the Fund's attempts to collect the same. *See* Exhibit A, at Art. 4; Exhibit B., at Sec. 20(g).

24. Defendants refused and/or failed to make timely contributions as required by the Trusts and the Labor Contract for several months during the course of calendar year 2025, since at least August 2025, in a sum not certain.

25. As a consequence of the late and delinquent payments, the Fund is entitled to liquidated damages and interest from Defendants, as well as all costs and reasonable attorneys' fees incurred in connection to the event of said untimely and delinquent payments and the Fund's attempts to collect the same. *See* Exhibit A, at Art. 4; Exhibit B., Sec. 20(g).

26. The Fund reserves the right to supplement the foregoing amounts when the full amounts, including liquidated damages, interest, costs and reasonable attorneys' fees have been definitively determined.

7

WHEREFORE, the Fund requests that this Court:

(1) order Defendants, severally, their individual officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to comply with the terms of the Trust and Labor Contract by submitting regular reports and making timely payments and contributions to the Fund in accordance with the terms of the Fund's Declaration of Trust and the Labor Contract to which they are bound;

(2) order the entry of judgment in favor of the Fund and against Defendants, in the amount not less than the sum of the unpaid contributions from August 1, 2025, to the present, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(3) order Defendants to pay the costs incurred by the Fund in prosecuting this suit, including all reasonable attorneys' fees and litigation costs; and

(4) grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT TWO
## KNOWN CONTRIBUTION DELINQUENCY UNDER ERISA

27. Paragraphs 1 through 26 of this Complaint are hereby incorporated by reference as if fully restated herein.

28. This Court has jurisdiction over this Count pursuant to Section 502 of ERISA, 29 U.S.C. §1132, as amended by Section 306 of the Multi-Employer Pension Plan Amendments Act of 1980 ("MEPPAA"), which added Section 515 to ERISA, 29 U.S.C. § 1145.

29. Defendants' failure and/or refusal to pay the contributions and other amounts due and owing to the Fund in accordance with the terms of the Trust and the Labor Contract violates the provisions of ERISA, as amended by MEPPAA.

WHEREFORE, the Fund requests that this Court:

(1) order Defendants, severally, their individual officers, agents, servants, employees, attorneys, and all other in active concert or participation with them to comply with the terms of the Trust and Labor Contract by submitting regular reports and making timely payments and contributions to the Fund in accordance with the terms of the Labor Contract to which they are bound;

(2) order the entry of judgment in favor of the Fund and against Defendants, in an amount not less than the sum of the unpaid contributions from August 1, 2025 to the present, plus the full amount of any additional contributions, liquidated damages, and interest determined to be owed;

(3) order Defendants to pay the costs incurred by the Fund in prosecuting this suit, including all reasonable attorneys' fees and litigation costs; and

(4) grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT THREE
## AUDIT

30. Paragraphs 1 through 29 of this Complaint are hereby incorporated by reference as if fully restated herein.

9

31.    The contributions that Defendants are required to pay the Fund are based upon certain hours paid to those employees who perform work for Defendants, the terms and conditions of which are covered by the Labor Contract.

32.    The Fund is without sufficient information or knowledge to determine the extent to which Defendants are delinquent to the Fund and so they are unable to plead the precise nature, extent, and amount of Defendants' delinquency because the books, records, and information necessary to ascertain that liability remain in Defendants' exclusive possession, custody, control, and knowledge.

33.    The existence of a delinquency and, where present, the computation of the precise amount of an employer's delinquency are best determined by an audit of Defendants' books and records in order to compare them to the contractually required remittance reports actually submitted by the employer to the Fund.

34.    Defendants are required by the Trust, the Labor Contract, and applicable law to permit the Fund to audit their books and records, to cooperate in determining whether any contributions are due to the Fund.

35.    The Fund is adversely affected or damaged by the lack of an audit as, among other things, it has a right and a duty to audit the applicable books and records of participating contributing employers so as to identify all potential participants of the Fund and to confirm all amounts due and owing from those participating contributing employers.

36.    The Fund have no adequate remedy at law for lack of an audit, as the calculation of any damages suffered as a result of the breach requires an audit to determine the amount.

WHEREFORE, the Fund requests that this Court:

(1) enjoin Defendants, severally, their individual officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to permit an audit of all records under their actual or constructive control and, in the absence of records, to cooperate in alternative methods of determining those employees and/or those hours for which contributions to the Fund are due;

(2) order Defendants to pay for an audit to be performed by the Fund's internal auditors; and

(3) grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT FOUR
## CONTRIBUTIONS UNDER ERISA – AFTER AUDIT

37. Paragraphs 1 through 36 of this Complaint are hereby incorporated by reference as if fully restated herein.

38. On information and belief, Defendants have failed to make contributions to the Fund in violation of Section 515 of ERISA, 29 U.S.C. §1145, in a period not barred by any statute of limitations or similar bar.

39. The Fund are adversely affected or damaged by Defendants' violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Fund requests that this Court:

(1) enter judgment against Defendants and in favor of the Fund, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count Three of this Complaint, together with interest at the rate prescribed by 26 U.S.C. §6621, from the date that the original

11

contribution payment was due until the actual date of payment; liquidated damages equal to the greater of the interest on the unpaid contributions or the liquidated damages as provided for and calculated by the documents governing the Fund or by statute; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or enforcement of any judgment, all as provided for under the terms of the Trusts, the Labor Contract, and Section 502(g)(2) of ERISA, 29 U .S.C. § 1132(g)(2); and

(2)     grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

## COUNT FIVE
## CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

40.     Paragraphs 1 through 39 of this Complaint are hereby incorporated by reference as if fully restated herein.

41.     The Fund are damaged as a proximate result of Defendants' breach of the Trust and the Labor Contract with respect to any amounts found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count One of this Complaint.

WHEREFORE, the Fund requests that this Court:

(1)     enter judgment against Defendants and in favor of the Fund, for contributions found due and owing by any audit(s) granted and ordered by this Court pursuant to the relief requested under Count Three of this Complaint, together with interest from the date that the original contribution payment was due until the actual date of payment; liquidated damages; the cost of any audit; and reasonable attorneys' fees and costs incurred in this action, including those incurred during the collection or

enforcement of any judgment, all as provided for under the terms of the Trust and the Labor Contract; and

    (2)    grant such other and further relief, legal or equitable, as may be just, necessary, or appropriate.

Respectfully submitted,

MARKOWITZ & RICHMAN

_____
STEPHEN C. RICHMAN, ESQ.
(Atty. ID: 15884)
RICHARD J. DeFORTUNA, ESQ.
(Atty ID: 86260)
KATHLEEN McPOLIN, ESQ.
(Atty ID: 338328)
123 South Broad Street, Suite 2020
Philadelphia, PA 19109
Tel.: 215-875-3100

Attorneys for Plaintiffs

DATED:    January 23, 2026

13